**SO ORDERED.**

**SIGNED this 28 day of December, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    NICOLE LEE TATUM,

        Debtor.                                      Case No. 06-03942-8-JRL
                                                                 Chapter 13

_____

**ORDER**

This case is before the court on the debtor's motion to impose the automatic stay, pursuant to 11 U.S.C. § 362(c)(4). On December 20, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtor filed two Chapter 13 cases that were pending within the previous year but were dismissed before the subject case was filed. On July 11, 2005, the debtor filed Case No. 05-05310-8-JRL, which was dismissed on May 4, 2006 for failure to comply with the provisions of the confirmed plan. On June 23, 2006, the debtor filed Case No. 06-01866-8-JRL, which was dismissed on October 30, 2006 for failure to obtain confirmation of a plan. On December 1, 2006, the debtor filed the subject case. There is a presumption that the subject case was not filed in good faith. 11

U.S.C. § 362(c)(4)(D). "[S]uch presumption may be rebutted by clear and convincing evidence to the contrary." Id.

The debtor timely filed her motion to impose the automatic stay as to all creditors, pursuant to 11 U.S.C. § 362(c)(4)(B). At the hearing, the debtor testified that she originally filed bankruptcy after losing the financial support of her husband who no longer lived in the marital home as a result of his domestic abuse. Prior to filing the first bankruptcy case, the debtor closed her interior design business. The debtor then began working for her sister's newly formed interior design business, Design It, to which the debtor contributed money to begin the business. The debtor explained that Design It had been unsuccessful and had not provided her with a reliable source of income. The debtor also stated that, during the first Chapter 13 case, she had experienced difficulty receiving child support from her estranged husband. Moreover, the debtor said she had experienced difficulty resolving her federal income tax debt, as her husband had filed his returns separately.

The debtor testified that the second Chapter 13 case had failed because she had worked for an employer who had not paid her for her labor. The debtor still had failed to receive regular child support payments from her husband. In addition, the debtor said that she had been preoccupied with her son's medical problems and had to regularly take trips to Chapel Hill, North Carolina, in order to get him proper treatment. Also, the debtor had continued to have difficulty resolving her federal income tax debt.

The debtor asserted that her circumstances have now changed because she is receiving regular child support payments and her son is experiencing better health. The debtor also stated that she has a reliable job as a salesperson at Rose Brothers Furniture Incorporated in Wilmington, North Carolina. The debtor, however, stated that she has not attended work in two weeks as a result of

having no transportation. The debtor said that a friend would be taking her to obtain a vehicle in the next week or two, but the debtor failed to explain how her employer viewed this gap of attendance at work.

Sarah "Sally" Turner objected to the debtor's motion to impose the automatic stay. Ms. Turner is an unsecured creditor who paid the debtor for interior design products and services that she never fully received. Counsel for Ms. Turner pointed out a number of inconsistencies in the debtor's petitions filed in the three cases. For example, in the first two cases, the debtor listed the debt owed to Ms. Turner as $3,855.05. In the third case, the debtor listed the debt owed to Ms. Turner as $1,855.05. While the debtor's third petition indicates that the amount of the debt owed to Ms. Turner has decreased by $2,000.00, Ms. Turner asserted that she has not received any payments towards that debt. Moreover, the second petition reflects unsecured nonpriority claims totaling $92,586.71; whereas, the third petition reflects unsecured nonpriority claims totaling $21,863.56. The debtor could not explain this huge inconsistency. In addition, the debtor never revealed her involvement with Design It in her petitions or the amounts of money that she contributed to that business. The trustee also objected to the debtor's motion, finding the debtor's testimony unconvincing that this case was filed in good faith.

The court finds that there are feasibility concerns in this case. The concept of disposable income has changed under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and plan feasibility is no longer dictated by the disposable income calculation. In re Alexander, 344 B.R. 742, 750, n.5 (Bankr. E.D.N.C. 2006). While the court no longer does the Schedule I and Schedule J comparison to calculate disposable income, Schedules I and J remain relevant to determine feasibility. In re Girodes, 350 B.R. 31, 38 n.6 (Bankr. M.D.N.C. 2006). Here, the debtor's

Schedule I reflects monthly income of $2,806.00. Her Schedule J reflects monthly expenses of $2,590.00. The debtor's calculation of expenses leaves out expenses for telephone service, water and sewer service, or daycare.[1] Even if Schedule J provided an accurate estimate of the debtor's monthly expenses, only $216.00 remains in excess income. Yet, the debtor proposes a plan with payments of $620.00 for 57 months. The plan is infeasible.

Based on the foregoing, the court denies the debtor's motion to impose the automatic stay, pursuant to § 362(c)(4). The debtor has not explained the inconsistencies and omissions in her petitions and has not proposed a feasible Chapter 13 plan in the subject case. While the debtor has asserted that she has a reliable job as a salesperson at a furniture store, she has not attended work in two weeks and has no intention of returning until she is able to obtain a vehicle for transportation. It is not clear to the court that she will be able to maintain her position with such a significant absence. The debtor has failed to meet the burden of providing clear and convincing evidence to rebut the presumption that the case was not filed in good faith.

"End of Document"

---

[1] While the debtor testified that the State of North Carolina is subsidizing the bulk of her daycare expenses, she still is paying $60.00 a month towards those expenses.